**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

SHANNON SIMMONS                                                                                                    PLAINTIFF

v.                                              5:13CV00078-BSM-JJV

DONNY FORD, Sheriff
Dallas County; *et al.*                                                                                             DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Shannon Simmons is an inmate in the Grimes Unit of the Arkansas Department of Correction. He filed a *pro se* Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, alleging that while detained in the Dallas County Jail, the Defendants violated his constitutional rights. After careful review, the Court finds that the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**I.    SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are: (a) legally frivolous; (b) malicious, or fails to state a claim upon which relief may be granted; or (c) seeks monetary relief from a defendant who is immune from such

relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The traditional definition of

acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotations omitted). For liability under § 1983 to attach, there must be "a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

## II. ANALYSIS

According to Plaintiff, following a court appearance, he was placed in a cell in the Dallas County Jail that had recently been sprayed with poison. (Doc. No. 1 at 5.) Then he was bitten by a spider. (*Id.*) He asserts that jail officials failed to provide him with proper medical care for the spider bite. (*Id.*) The Court finds that, for screening purposes only, Plaintiff alleges sufficient facts in his Complaint to establish a violation of his constitutional rights.

However, Plaintiff fails to state a claim on which relief may be granted against the named Defendants. He has sued Sheriff Ford, Jailers Parnell, Haynes, Vedta, Parnell, and Vagauchie, and Jail Administrator Stringfellow, but he fails to describe how these Defendants were personally involved in or had direct responsibility for the alleged violation of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

To the extent that Plaintiff seeks to hold any of these defendants liable because they are supervisors, respondeat superior is inapplicable to claims under § 1983. *Royster v. Nichols*, 698 F.3d 681, 692 (8th Cir. 2012); *Briscoe v. Cnty. of St. Louis, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012); *Schaub v. VonWald*, 638 F.3d 905, 924 (8th Cir. 2011).

If Plaintiff wishes to correct these deficiencies, he may file an Amended Complaint[1] with his Objections to this Recommendation within fourteen days. Otherwise, this case should be dismissed.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 1) should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of the Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g)[2].

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

---

[1] Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should 1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable; 3) indicate whether he is suing each defendant in his/her individual or official capacity, or in both capacities; 4) state how Plaintiff was harmed; and 5) state whether he was incarcerated at the time as a pretrial detainee.

[2] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).

*pauperis* appeal from an Order adopting this recommendation and an accompanying Judgment would not be taken in good faith.

DATED this 14th day of August, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE